# Supreme Court of Florida

_____

No. SC19-487
_____

**FREDERIC GUTTENBERG, etc., et al.,**
Appellants,

vs.

**THE SCHOOL BOARD OF BROWARD COUNTY,**
Appellee.

September 24, 2020

PER CURIAM.

We have for review a final judgment of the Circuit Court of the Seventeenth Judicial Circuit in *Menescal v. School Board of Broward County*, No. CACE-18-009397 (Fla. 17th Cir. Ct. Dec. 20, 2018), which the Fourth District Court of Appeal certified to this Court as an appeal that requires immediate resolution by this Court because the issues pending "are of great public importance or will have a great effect on the proper administration of justice throughout the state." *Guttenberg v. Sch. Bd. of Broward Cty.*, No. 4D19-0229 (Fla. 4th DCA Mar. 28, 2019). We have jurisdiction. *See* art. V, § 3(b)(5), Fla. Const.

This case is controlled by our recent decision in *Barnett v. State Department of Financial Services*, No. SC19-87 (Fla. Sept. 24, 2020). In *Barnett*, we held that for purposes of the sovereign immunity damage caps set forth in section 768.28(5), Florida Statutes (2010), "the mass shooting committed by [the shooter] is a single 'incident or occurrence' . . . and the cumulative liability for all claims of injury resulting from the incident may not exceed the aggregate cap . . . set forth in the statute." *Barnett*, No. SC19-87, slip op. at 2.[1] Because the circuit court applied the statute consistent with our decision in *Barnett*, we affirm the circuit court's order granting the School Board's motion for summary judgment and rendering a final declaratory judgment.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.
COURIEL and GROSSHANS, JJ., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Certified Judgments of Trial Courts in and for Broward County – Carol-Lisa Phillips, Judge - Case No. 062018CA009397AXXXCE – An Appeal from the District Court of Appeal, Fourth District, Case No. 4D19-229

---

1. The only difference between the 2010 version of subsection (5) at issue in *Barnett* and the 2018 version at issue here is with respect to the applicable damage caps. In 2010, subsection (5) was amended to raise the individual cap to $200,000 and the aggregate cap to $300,000, effective October 1, 2011. Ch. 2010-26, Laws of Fla. Therefore, the $200,000/$300,000 damage cap applies in the present case.

Stephen F. Rosenthal, Alissa Del Riego, and Dayron Silverio of Podhurst Orseck, P.A., Miami, Florida,

> for Appellant Frederic Guttenberg as Personal Representative of the Estate of Jaime T. Guttenberg

Joel S. Perwin of Joel S. Perwin, P.A., Miami, Florida; and David W. Brill, Joseph J. Rinaldi, Jr., and Chelsea R. Ewart of Brill & Rinaldi, Weston, Florida,

> for Appellant Andrew Pollack, as Co-Personal Representative of the Estate of Meadow Pollack

Tracy Considine of Tracy Considine, P.A., Jacksonville, Florida,

> for Appellant Shara Kaplan, as Co-Personal Representative of the Estate of Meadow Pollack

Curtis B. Miner, Julie Braman Kane, and Patrick Montoya of Colson Hicks Eidson, P.A., Coral Gables, Florida,

> for Appellant Max Schachter, as Personal Representative of the Estate of Alex Schachter and Benjamin E. Wikander

Robert M. Stein and Jeffrey A. Tew of Rennert Vogel Mandler & Rodriguez, P.A., Miami, Florida,

> for Appellants Philip and April Schentrup, as Co-Representatives for the Estate of Carmen Schentrup

Daman Brody of The Brody Law Firm, LLC, Miami Beach, Florida,

> for Appellants Martin Duque and Daisy Anguiano, as parents of Martin Duque

Michael A. Haggard, Christopher Marlowe, and Todd J. Michaels of Haggard Law Firm, P.A., Coral Gables, Florida,

> for Appellants Manuel Oliver and Patricia Padauy, as Co-Personal Representatives of the Estate of Joaquin Oliver, and Stacy Lippel and Linda Beigel, as Personal Representative of the Estate of Scott Beigel

Stuart Z. Grossman, Alex Arteaga-Gomez, and William P. Mulligan of Grossman Roth Yaffa Cohen, Coral Gables, Florida,

for Appellants Ashley Maria Baez, a minor, by and through her parents and natural guardians, Katherine Baez and Juan David Baez; Isabel Chequer, a minor, by and through her parents and natural guardians, Gabriela Chequer and Amin Chequer; Anthony and Jennifer Montalto, as Co-Personal Representatives of the Estate of Gina Rose Montalto; and Kong Feng Wang a/k/a Jacky Wang and Hui Ying Zhang a/k/a Linda Wang, as Co-Personal Representatives of the Estate of Peter Wang

Barbara J. Myrick, Fort Lauderdale, Florida; and Eugene K. Pettis and Debra P. Klauber of Haliczer, Pettis & Schwamm, PA, Fort Lauderdale, Florida,

for Appellee

Philip M. Burlington and Adam Richardson, Burlington & Rockenbach, P.A., West Palm Beach, Florida,

for Amicus Curiae Florida Justice Association

Bob L. Harris, James J. Dean, and Cameron H. Carstens of Messer Caparello, P.A., Tallahassee, Florida,

for Amici Curiae Panhandle Area Educational Consortium, Calhoun County School Board, Franklin County School Board, Gadsden County School Board, Gulf County School Board, Holmes County School Board, Jackson County School Board, Jefferson County School Board, Liberty County School Board, Madison County School Board, Taylor County School Board, Wakulla County School Board, Walton County School Board, Washington County School Board And Florida A&M University Developmental Research School